Thomas
v.
Reynolds.

---

### THOMAS v. REYNOLDS and others.

It is the opinion of Tompkins Judge, that a debtor cannot make a valid deed of assignment, to a person selected by himself, for the benefit of his creditors.  Napton Judge dissenting.  McGirk Judge absent.

Appeal from Howard Circuit Court.

*Leonard & Todd, Counsel for Appellant.*

1. That one partner who is the active partner, may assign all the goods to pay debts.

2. The more especially, as the other partner is non-resident.

3. That the letter of instruction to make the deed is sufficient authority for the execution of the deed; and makes it the deed of both partners.

4. The deed of ratification subsequently made, relates back to the execution of the deed, and makes it the deed of both ab initio.

5. The deed of Whiting, for the firm, by the letter of instruction of his copartner, with the advice of a majority of creditors, and possession had by the trustee, gives such a title to the plaintiff, for the benefit of creditors, that cannot be divested by any subsequent levy of execution by other creditors.

6. Without the subsequent assent of creditors, the law will presume assent, from the fact that the deed is beneficial to the creditors.  1 Black 457.  11 Whea. 78.  Hood v. Sibley 3. Mo. Rep. 290; 5 do. 484.

*Davis, Counsel for Appellee.*

1. That one partner cannot execute a deed for the firm.

2. That the deed of assignment in this case is void. Hughes
v. Ellison, 5 vol. Mo. Rep. page 463.

*Opinion of the Court by Tompkins, Judge.*

Thomas, the appellant, sued the appellees in the circuit court, and the judgment of that court being rendered against him, he appeals to this court.

The plaintiff in this action sought to recover against the defendants for seizing, and selling and converting to their own use, certain personal property as belonging to E. Whiting & co., which had been assigned to the plaintiff, as he contended, under trusts declared in the deed of assignment

The deed purported to convey the property to Thomas' the plaintiff, in trust to sell it and pay debts of the company' Of those debts some were preferred, viz: debts due to Reu_ ben Watts and John Wilson of Fayette, and to one Charles Brown of Boston. After paying those debts it was provided, that all just debts at that time due and owing by the firm, were to be paid, and the trustee was to hold the residue for the benefit of the company. All the property, both real and personal belonging to this firm was conveyed by this deed for the purposes above mentioned. The firm consisted of said Whiting and one Williams, residing in Boston, Whiting had been the acting partner in Missouri. The deed had been made by the direction of Williams, and he afterwards assented to and ratified it in writing. The goods in question were, in pursuance of this deed, delivered over to Thomas as the plaintiff in the circuit court and appellant here. The appellees were, except Reynolds, judgment creditors of Whitng & Co., and their judgments were obtained before the transfer by Whiting to Thomas, and the seizure was made under the authority of executions issued on those judgments, Reynolds was the officer who levied on the goods.

Upon this evidence the court, on motion of the defendants instructed the jury that the plaintiff could not recover. The plaintiff then took a non-suit with leave to move to set the same aside. The circuit court overruled his motion for that purpose; and he excepted to the decision of the court. The appellees contend that the deed being made by Whiting a-

AUGUST TERM lone is void, and that the defect is not cured by the subsequent
    1840.      assent of the other partner, Williams.

Thomas          There have been several decisions on the subject of this
    v.       kind of assignments.  In the cases hitherto decided the
Reynolds.    court has restricted itself to the decision of such points only
as it became necessary to decide, organised as this court is,
it frequently becomes very difficult, indeed impossible to
have all its decisions on one subject under its view, so as to
be enabled to review them.  The decisions of most impor-
tance were made at St. Louis in May last, and they are not
to be obtained here.  I shall proceed then to give my opin-
ion on this case without reference to any thing before deci-
ded, nor indeed do I esteem it of any great importance that
the former opinions are not reviewed; for the judgment of
the circuit court will be affirmed by a division of this court,
it consisting at this time of two judges only.  It is not, in
my opinion, at all necessary that Whiting should convey the
propesty to Thomas by deed, that is, the property which the
appellees are charged with seizing &c.

He had transferred it by the direction of his partner Will-
iams, and against any claim on his part the transfer to Thom-
as was, in my opinion, valid.  But as against such creditors
as did not choose to acquiesce, the transfer was in my opin-
ion void, however correct the instructions of Whiting and
Co., may have been.

It was, in my opinion, void as against creditors because it
is against the policy of the law.  Whiting and company,
had they been willing to do equal justice to all their credi-
tors, might have applied under the provisions of the act for
the relief of insolvent debtors, and the circuit court, or a
judge thereof in vacation, would by that law have had au-
thority to appoint a trustee for the benefit of the creditors.
But he lives a number of years probably in our country, has
the aid and protection of the institutions of the State, has
probably collected many debts from the citizens by the aid
of the courts of justice, and when he becomes unable or un-
willing to pay his own debts, the laws of the country are
found to impose restrictions too onerous for him to bear.

Instead of leaving the choice of a trustee to the impartial

AUGUST TERM.
1840.

Thomas
v.
Reynolds.

tribunal provided by law, he, the person interested to cheat his creditors, selects a trustee to suit his own purposes. He may be honest in his selection, and his creditors may have no confidence in his integrity. Even if they believe him honest they may believe him unwise in his choice. His trustee may be neither delinquent nor honest, yet he is to decide on the validity of the claims of the several creditors, and is neither chosen by the creditors, nor accountable to them. We may be told that a debtor may pay one creditor in preference to another. Be it so. But when the debtor transfers his property to a trustee to raise money to pay a preferred creditor, this is not passing the property over to the creditor in satisfaction of his demand. The effect of the act, if it be valid, is to withdraw so much property from the liability of being seized under legal process to satisfy debts, already ascertained by the judgments of our courts, for the purpose of subjecting it to the payment of such demands as this trustee, chosen by the debtor may decide to be due from the debtor to the creditor. The worst of the matter is that the debtor himself declares who are his own creditors and in what order they shall have their judgments entered up, and satisfied in this court of his own creation. The common law and her younger sister the Statute law smile on the diligent, not on the sluggard. Whiting and Company have some friends among their creditors whose diligence is not so great as that of some others. They erect a court of their own, and appoint their steward to this high court; they declare by their own law, that to this court all their creditors shall resort; and in contravnetion of the general law of the land, that three favored creditors shall be first served, although the other creditors may appear first in order of time. Under their superintendence both as Judge and jury, the steward ascertains the amount of each creditors demand. Indeed the firm of Whiting & Co., is witness as well as Judge and jury.

It appears in the bill of exceptions that the assignee visited St. Louis soon after he had been appointed and possessed of the property, where he entered into an agreement

AUGUST TERM.
1840.

Thomas
v.
Reynolds.

with about thirty of the creditors to discharge his duty faithfully &c. and they on their parts agreed with him to allow the other creditors to come within four months and participate in the assigned property, they executing receipts in full, and in fact releases, if we may suppose that such people know what is a release. That however is the plain import of the language used. On account of a provision of this kind inserted in a deed of assignment which was the subject matter of adjudication, at the last term of this court held at St. Louis, the deed was declared void, if I am not greatly mistaken. In my opinion it is altogether immaterial whether such a provision be incorporated in the deed or whether the trustee make that provision his rule of conduct. For even without that provision, I thought then, as I do now, that the deed ought to be declared null and void.

When the learned counsel in the course of his argument declared that the conduct of his client was so warmly approved by the creditors residing at St. Louis, I had supposed that he was volunteering evidence by way of argument to prepossess the court in favor of his clients, I did not suppose his client would have been so ill advised as to spread such matter on the record. But to do the counsel justice he was too judicious to read it to the court. and I suppose hoped it would escape observation amidst the mass of irrelevant matter that swelled the record to unusual size. It is my opinion long entertained and deliberately made up, that if the courts of law tolerate the practice of suffering the property of debtors to be withdrawn by means of deeds of this kind from the reach of legal process, they will be alike faithless to the law and the constitution. It is in vain that an equality of rights forms the basis of all our laws, if persons who choose to declare themselves to be in failing circumstances, are allowed to be exempt from any liability to have their property sold by judgment creditors under legal process merely because those debtors declare that they wish to lock up such property for the benefit of their particular friends. The judgment of the circuit court ought, in my opinion, to be affirmed.

Napton Judge, dissenting. I do not concur in this opin-

ion, for the reasons given in my opinion in the cases of Brown v. Knox and Boggs; and Drake v. Rogers and Shrewsberry delivered at St. Louis last spring term. The same point, in relation to the validity of a deed executed by the active partner only, has been so ruled by Ch. J. Marshall in Anderson and Wilkins v Tompkins, 1, Brockenborough R. 456.